UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| REBECCA LYNN WEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-448 |
| ) | (VARLAN/SHIRLEY) |
| V. ) | |
| ) | |
| R&L CARRIERS INC., and ) | |
| R&L CARRIERS SHARED SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral the District Judge. Now before the Court are Plaintiff's Motion to Quash Subpoena for Deposition and Production Served on Unum Life Insurance Company of America [Doc. 22] and Plaintiff's Motion to Quash Non-Party Subpoenas and for Protective Order Limiting Discovery [Doc. 25]. The parties appeared before the undersigned on February 13, 2013, to address these motions. Attorney Richard Collins was present representing the Plaintiff, and Attorney Chris McCarty was present representing the Defendants. Attorney Ellis Murov, who also represents the Defendants, participated by telephone.

In her motions, Plaintiff moves the Court to quash subpoenas served on non-parties. In the alternative, Plaintiff requests a protective order. Specifically, she moves the Court to quash subpoenas served on: her ex-husband; the Michigan Department of Labor; Gerdau AmeriSteel; Lety's Cuts and Styles; Tennessee Department of Labor; and UNUM Life Insurance Company of America. Plaintiff argues that the subpoenas seek irrelevant information. In addition, Plaintiff

argues that the subpoenas do not comply with Rule 45(a)(2) of the Federal Rules of Civil Procedure.

The Defendant responds that the information is relevant. [Docs. 28, 31]. Defendant argues that information from the Departments of Labor, insurers, and her former employers is relevant and discoverable based upon the Plaintiff's election to seek front pay. Defendant argues that Plaintiff's ex-husband, who has lived with her off and on since 2001, can provide information relevant to her mental distress claim. The Defendant's response brief does not directly address the alleged violation of Rule 45(a)(2).

The Court has reviewed the parties' filings and the procedural posture of this case. The Court finds that the parties have failed to file a report of their Rule 26(f) meeting. At the hearing, the parties conceded that a Rule 26(f) plan had not been filed, though they had varying recollections about whether a Rule 26(f) conference had taken place. Rule 26(f) requires that parties conduct a discovery conference prior to commencing discovery. In addition, the parties are to file a written report outlining the Rule 26(f) discovery plan within fourteen days of the conference. In this case, it is not clear that a conference has been completed, and it appears to the Court that no specific discovery plan has been developed. Moreover, no discovery plan has been filed. Under these circumstances, the Court finds that discovery, including the production of documents requested by Defendants' subpoenas, is premature.

In addition, the Court finds that Defendants' subpoenas to the Michigan Department of Labor, to UNUM, and to Lety's Cuts and Styles are defective because they are issued from the United States District Court for the Eastern District of Tennessee, but they order production outside of the Eastern District of Tennessee. Rule 45(a)(2) clearly requires that a subpoena

2

ordering production in a district be issued from the District Court within that district.[1] Accordingly, these subpoenas are defective.

Based upon the foregoing, the Plaintiff's Motion to Quash Subpoena for Deposition and Production Served on Unum Life Insurance Company of America **[Doc. 22]** is **GRANTED** and Plaintiff's Motion to Quash Non-Party Subpoenas and for Protective Order Limiting Discovery **[Doc. 25]** is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Court finds that the motions are well-taken as to the requests that the subpoenas be quashed, and for the reasons stated above, the requests to quash are **GRANTED**. The subpoenas are, accordingly, **QUASHED.**

2. The Plaintiff's request for a protective order is, however, **DENIED** at this time. The Plaintiff's request for a protective order relates to the discoverability of the information sought. Because the parties have not conferred about this issue prior to seeking judicial intervention, the Court finds that a decision on the issue would be premature. The parties can discuss this issue and the scope of discovery during their Rule 26(f) conference or conduct an additional conference to specifically address the issue of non-party subpoenas. If after conferring the parties cannot reach an agreement on the scope of non-party subpoenas, the Plaintiff or affected persons or entities may file an appropriate request for relief.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] "A subpoena must issue as follows. . . for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2).

3

Case 3:12-cv-00448  Document 34  Filed 02/15/13  Page 3 of 3  PageID #: 306